TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
CHRISTINA MARQUEZ (Cal. Bar No. 305301)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-4061
     E-mail: Christina.Marquez@usdoj.gov

Attorneys for Defendant United States of America

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JAVAADE MESHKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. 2:24-cv-07768-MRA (PDx)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br><br>Honorable Monica Ramirez Almadani<br>United States District Judge |

Defendant United States of America hereby admits, denies, or otherwise responds to the allegations in Plaintiff Brian Meshkin's First Amended Complaint, Dkt. 34, as follows:

**GENERAL ANSWER**

1. Defendant denies any and all allegations in the First Amended Complaint not specifically admitted herein.

2. Plaintiff quotes various documents throughout the First Amended Complaint, more specifically, documents filed in the underlying criminal matter of *United States of America v. Brian Javaade Meshkin, et al.*, Case No. 8:21-cr-00112-JLS and the Department of Justice's Justice Manual ("Justice Manual"), Defendant responds to these citations as follows:

a. In the specific answers that follow, to the extent a paragraph in the First Amended Complaint cites or otherwise references documents in the underlying criminal matter or other policy documents such as the Justice Manual, solely as support for a factual allegation, the United States answers the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

b. To the extent a paragraph in the First Amended Complaint contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, the United States answers those allegations in accordance with Fed. R. Civ. P. 8.

3. Insofar as the First Amended Complaint contains allegations regarding the subjective mindset, knowledge, or motivation of various government employees, those allegations are denied throughout the Answer.

4. Insofar as the First Amended Complaint contains allegations regarding

Assistant United States Attorney Joseph Green ("AUSA Green"), those claims have been dismissed by the Court (Dkt. 39), so no response is required. To the extent any response is required, those allegations are denied throughout the Answer.

5.    Insofar as the First Amended Complaint contains allegations based on communications related to the underlying criminal prosecution, those claims have been dismissed by the Court (Dkt. 39), so no response is required. To the extent any response is required, those allegations are denied throughout the Answer.

## I.    JURISDICTION AND VENUE[1]

1.    The allegations in paragraph 1 are not statements of fact but legal conclusions to which no response is required. To the extent a response is required, Defendant admits this action is brought under the Federal Tort Claims Act.

2.    Defendant admits that it received Plaintiff's administrative tort claim on July 13, 2023, and did not make a final disposition of the claims within six months. Defendant denies the remaining allegations in paragraph 2.

3.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 3, and therefore, denies them.

## II.    PARTIES

4.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 4, and therefore, denies them.

5.    Defendant admits the allegations in paragraph 5.

## III.    GENERAL ALLEGATIONS

6.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 6, and therefore, denies them.

7.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 7, and therefore, denies them.

8.    Defendant lacks sufficient knowledge and information to determine the

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles should be construed to contain factual allegations, those allegations are denied.

2

truth of the allegations in paragraph 8, and therefore, denies them.

9.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 9, and therefore, denies them.

10.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 10, and therefore, denies them.

11.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 11, and therefore, denies them.

12.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 12, and therefore, denies them.

13.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 13, and therefore, denies them.

14.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 14, and therefore, denies them.

15.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 15, and therefore, denies them.

16.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 16, and therefore, denies them.

17.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 17, and therefore, denies them.

18.    Defendant admits the allegations in paragraph 18.

19.    Paragraph 19 contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Affidavit speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 19 .

a.    Defendant admits that in paragraphs 51-54 of the SA Chambers' affidavit, SA Chambers represented that Proove was fraudulently billing its genetic testing under the billing code CPT 87150. The remaining allegations in Paragraph 19a are Plaintiff's characterizations of the contents of SA Chambers' affidavit and

3

arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

b.      Paragraph 19b contains Plaintiff's characterizations and arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

c.      Paragraph 19c contains Plaintiff's characterizations and arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

d.      Paragraph 19d contains Plaintiff's characterizations and arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

e.      Paragraph 19e contains Plaintiff's characterizations and arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

f.      Paragraph 19f contains Plaintiff's characterizations and arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

g.      Paragraph 19g contains Plaintiff's characterizations and arguments related to the evidence in the underlying criminal matter, to which no response is required. To the extent a response is required, Defendant denies those allegations.

20.    Defendant admits that on May 30, 2017, the Court accepted SA Chambers' Application for a Search Warrant and subsequently issued said warrant. Defendant denies the remaining allegations in paragraph 20.

21.    Paragraph 21 contains Plaintiff's characterization of the Justice Manual and how it applies to the investigation of a criminal matter, to which no response is required. To the extent a response is required, Defendant responds that the citation in question speaks for itself and should be read in full context. Defendant denies the remaining

allegations.

22.    Defendant admits that pursuant to authorization by Magistrate Judge Jay Gandhi, after his determination of probable cause, the search warrants were executed on June 7, 2017. Defendant executed the warrants pursuant to an Operations Plan that designated the job responsibilities of individuals and teams. The agents seized items pursuant to the search warrants. The FBI established and followed its protocols, to include the presence of a taint team during the execution of the warrants, for the purpose of screening out any potential material that could arguably be attorney-client and/or attorney work-product privileged. The head of the taint team, an agent and attorney, ensured that the investigative team did not have access to such material. Defendant denies the remaining allegations in paragraph 22.

23.    Paragraph 23 contains Plaintiff's characterizations and arguments, to which no response is required. To the extent a response is required, Defendant denies those allegations.

24.    Paragraph 24 contains Plaintiff's characterization of the Justice Manual and how it applies to the investigation of a criminal matter, to which no response is required. To the extent a response is required, Defendant responds that the citation in question speaks for itself and should be read in full context. Defendant denies the remaining allegations.

25.    Paragraph 25 contains Plaintiff's characterization of the Justice Manual and how it applies to the investigation of a criminal matter, to which no response is required. To the extent a response is required, Defendant responds that the citation in question speaks for itself and should be read in full context. Defendant denies the remaining allegations.

26.    Defendant admits that SA Chambers received an email with a list of law firms that were engaged by Proove. This list was provided to ensure that the government would not access privileged files and that the investigative team would not have access to the material.

5

27.    Paragraph 27 contains Plaintiff's characterization of the Justice Manual and how it applies to the investigation of a criminal matter, to which no response is required. To the extent a response is required, Defendant responds that the citation in question speaks for itself and should be read in full context. Defendant denies the remaining allegations.

28.    Defendant admits that SA Chambers attended a reverse proffer on June 21, 2017. The remaining allegations in paragraph 28 contain Plaintiff's characterizations and arguments of what transpired at this reverse proffer, to which no response is required. To the extent a response is required, Defendant denies the allegations.

29.    Paragraph 29 contains Plaintiff's characterizations and arguments of what transpired at this reverse proffer, to which no response is required. To the extent a response is required, Defendant denies the allegations.

30.    Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 30, and therefore, denies them.

31.    Paragraph 31 contains Plaintiff's characterizations and arguments of what Plaintiff's attorneys presented to the government and what transpired thereafter, to which no response is required. To the extent a response is required, Defendant denies the allegations.

32.    Defendant denies the allegations in paragraph 32. Further, any claims related to AUSA Green have been dismissed (Dkt. 39).

33.    Defendant denies the allegations in paragraph 33. Further, any claims related to AUSA Green have been dismissed (Dkt. 39).

34.    Paragraph 34 contains Plaintiff's characterizations and arguments related to SA Chambers' actions, to which no response is required. To the extent a response is required, Defendant admits that the three reports, known as FD302s, authored by SA Chambers, accurately depict the execution of the search warrants and the handling of the digital evidence seized. The FD302s, and the dates on each one, speak for themselves. Defendant denies the remaining allegations in paragraph 34. Further, any claims related to

AUSA Green have been dismissed (Dkt. 39).

35.     Paragraph 35 contains Plaintiff's characterizations and arguments related to SA Chambers' actions, to which no response is required. To the extent a response is required, Defendant denies the allegations. Further, any claims related to AUSA Green have been dismissed (Dkt. 39).

36.     Paragraph 36 contains Plaintiff's characterizations and arguments related to the grand jury presentation, to which no response is required. To the extent a response is required, Defendant denies the allegations. Further, any claims related to AUSA Green have been dismissed (Dkt. 39).

37.     Paragraph 37 contains Plaintiff's characterizations and arguments related to SA Chambers' actions, to which no response is required. To the extent a response is required, Defendant admits that Report No. 243, known as a FD302, authored by SA Chambers accurately depicts the execution of the search warrants and the handling of the digital evidence seized. FD302, serial 243, speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations in paragraph 37. Further, any claims related to AUSA Green have been dismissed (Dkt. 39).

38.     Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 38, and therefore, denies them.

39.     Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 39, and therefore, denies them.

40.     Paragraph 40 contains Plaintiff's characterizations and arguments related to his independent martial dissolution proceedings, to which no response is required. To the extent a response is required, Defendant denies the allegations.

41.     Paragraph 41 contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41.

a.     Paragraph 41a. contains Plaintiff's characterization of the underlying

7

criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41a.

b.    Paragraph 41b. contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41b.

c.    Paragraph 41c. contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41c.

d.    Paragraph 41d. contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41d.

e.    Paragraph 41e. contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41e.

f.    Paragraph 41f. contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41f.

g.    Paragraph 41g. contains Plaintiff's characterization of the underlying criminal case, to which no response is required. To the extent a response is required, Defendant responds that the Indictment speaks for itself and should be read in full context. Defendant denies the remaining allegations in paragraph 41g.

42.    Defendant denies the allegations in paragraph 42.

43. Defendant admits it filed a Notice of Motion and Motion for a Judicial Finding that Parties May View 45 Documents in Discovery Due to Lack of Attorney-Client Privilege on November 21, 2022, in the underlying criminal case. Paragraph 43 contains Plaintiff's characterization of the DOJ Justice Manual and how it applies to the investigation of a criminal matter, to which no response is required. To the extent a response is required, Defendant responds that the citation in question speaks for itself and should be read in full context. Defendant denies the remaining allegations.

44. Defendant admits that Plaintiff filed an Opposition to the November 21, 2022 Motion in the underlying criminal case on December 2, 2022. Defendant admits that the Government withdrew its November 21, 2022, Motion on December 8, 2022. Defendant admits that a hearing was held on December 15, 2022, and the Court ordered the Government to file a written response by December 21, 2022. Defendant denies the remaining allegations in paragraph 44.

45. Defendant admits that it moved to dismiss the underlying criminal case on December 21, 2022. Defendant denies the remaining allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 47, and therefore, denies them.

48. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 48, and therefore, denies them.

49. Defendant admits that SA Chambers and AUSA Green were acting with the course and scope of their employment at all relevant times but denies the remaining allegations in paragraph 49. Further, all claims against AUSA Green have been dismissed (Dkt. 39).

50. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 50, and therefore, denies them.

51. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 51, and therefore, denies them.

52. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 52, and therefore, denies them.

### IV.     COUNT ONE: NEGLIGENCE

53. Defendant incorporates by reference its responses to paragraphs 1 through 52 of the First Amended Complaint.

54. Paragraph 54 constitutes a legal conclusion that does not require a response. To the extent a response is required such allegations are denied.

55. Paragraph 55 constitutes a legal conclusion that does not require a response. To the extent a response is required such allegations are denied.

56. Paragraph 56 constitutes a legal conclusion that does not require a response. To the extent a response is required such allegations are denied.

57. Paragraph 57 constitutes a legal conclusion that does not require a response. To the extent a response is required such allegations are denied.

### V.     COUNT TWO: NEGLIGENT SUPERVISION

58. Defendant incorporates by reference its responses to paragraphs 1 through 57 of the First Amended Complaint.

59. Paragraph 59 contains allegations that relate to a claim that has been dismissed by the Court (Dkt. 39), to which no response is required. To the extent any response is required, Defendant denies the allegations.

60. Paragraph 60 contains allegations that relate to a claim that has been dismissed by the Court (Dkt. 39), to which no response is required. To the extent any response is required, Defendant denies the allegations.

61. Paragraph 61 contains allegations that relate to a claim that has been dismissed by the Court (Dkt. 39), to which no response is required. To the extent any response is required, Defendant denies the allegations.

62. Paragraph 62 contains allegations that relate to a claim that has been dismissed by the Court (Dkt. 39), to which no response is required. To the extent any response is required, Defendant denies the allegations.

63.    Paragraph 63 contains allegations that relate to a claim that has been dismissed by the Court (Dkt. 39), to which no response is required. To the extent any response is required, Defendant denies the allegations.

64.    Paragraph 64 contains allegations that relate to a claim that has been dismissed by the Court (Dkt. 39), to which no response is required. To the extent any response is required, Defendant denies the allegations.

## VI.    COUNT THREE: MALICIOUS PROSECUTION

65.    Defendant incorporates by reference its responses to paragraphs 1 through 64 of the First Amended Complaint.

66.    Paragraph 66 constitutes a legal conclusion that does not require a response. To the extent a response is required such allegations are denied.

67.    Defendant admits the allegations in paragraph 67.

68.    Defendant admits that pursuant to authorization by Magistrate Judge Jay Gandhi, after his determination of probable cause, the search warrants were executed on June 7, 2017.  Defendant executed the warrants pursuant to an Operations Plan that designated the job responsibilities of individuals and teams. The agents seized items pursuant to the search warrants. The FBI established and followed its protocols, to include the presence of a taint team during the execution of the warrants, for the purpose of screening out any potential material that could arguably be attorney-client and/or attorney work-product privileged. The head of the taint team, an agent and attorney, ensured that the investigative team did not have access to such material. Defendant denies the remaining allegations in paragraph 68.

69.    Defendant denies the allegations in paragraph 69.

70.    Defendant denies the allegations in paragraph 70.

71.    Paragraph 71contains Plaintiff's characterizations and arguments related to SA Chambers' actions, to which no response is required. To the extent a response is required, Defendant admits that the three reports, known as FD302s, authored by SA Chambers, accurately depict the execution of the search warrants and the handling of the

11

digital evidence seized. The FD302s, and the dates on each one, speak for themselves. Defendant denies the remaining allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

73.     Defendant denies the allegations in paragraph 73.

74.     The allegations in paragraph 74 purport to characterize the purpose for the creation of Report No. 243, to which no response is required. To the extent a response is required, Defendant admits that Report No. 243, known as a FD302, authored by SA Chambers, accurately depicts the execution of the search warrants and the handling of the digital evidence seized. FD302, serial 243, speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations in paragraph 74.

75.     Paragraph 75 constitutes a legal conclusion that does not require a response. To the extent a response is required such allegations are denied.

76.     Defendant admits that the underlying criminal case was dismissed on December 22, 2022.  The remaining allegations in Paragraph 76 constitute a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

77.     Defendant denies the allegations in paragraph 77.

78.     Paragraph 78 contains Plaintiff's characterizations and arguments of what Plaintiff's attorneys presented to the government and what transpired thereafter, to which no response is required. To the extent a response is required, Defendant denies the allegations.

79.     Defendant denies the allegations in paragraph 79.

80.     Paragraph 80 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

81.     Defendant denies the allegations in paragraph 81.

82.     Defendant admits that SA Chambers and AUSA Green were acting within the course and scope of their employment during the time when the facts giving rise to Plaintiff's claims occurred. Defendant denies the remaining allegations in paragraph 82.

83. Defendant lacks sufficient knowledge and information to determine the truth of the allegations in paragraph 83, and therefore, denies them.

84. Defendant admits the allegations in paragraph 84.

85. Paragraph 85 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

86. Paragraph 86 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

87. Defendant denies the allegations in paragraph 87.

88. Paragraph 88 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

89. Defendant denies the allegations in paragraph 89.

90. Paragraph 90 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

## VII.   COUNT FOUR: ABUSE OF PROCESS

91. Defendant incorporates by reference its responses to paragraphs 1 through 90 of the First Amended Complaint.

92. Paragraph 92 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

93. Paragraph 93 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

94. Paragraph 94 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

## VIII.   COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

95. Defendant incorporates by reference its responses to paragraphs 1 through 94 of the First Amendment Complaint.

96. Paragraph 96 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

13

97.    Paragraph 97 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

98.    Paragraph 98 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

99.    Paragraph 99 constitutes a legal conclusion that does not require a response. To the extent a response is required, such allegations are denied.

100.    The remainder of Plaintiff's First Amended Complaint consists of a prayer for relief, which requires no response. To the extent a response is required, the United States denies that Plaintiff is entitled to a judgment in his favor, or to any relief whatsoever, from the United States.

In further response to the First Amended Complaint, the United States avers as follows:

### AFFIRMATIVE DEFENSES

101.    Plaintiff is barred from bringing any claim over which the Court lacks subject matter jurisdiction.

102.    Plaintiff's claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. See 28 U.S.C. § 2680(a).

103.    Plaintiff's claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

104.    Plaintiff fails to state a claim on which relief may be granted in whole or in part.

105.    The United States, through its employees, did not owe a legal duty to Plaintiff.

106.    Defendant, through its employees, did not breach a legal duty owed to Plaintiff.

107.    Defendant has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

108. Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

109. Plaintiff is barred from bringing any claim falling outside of the applicable statutes of limitation or repose.

110. Acts or omissions of the Defendant, through its employees, were not the proximate cause of injury to Plaintiff.

111. In the event the superseding and intervening negligence or wrongful conduct any persons for whom the United States cannot be held liable broke any causal connection between the United States' alleged negligence and Plaintiff's alleged injuries, the United States cannot be held liable.

112. Plaintiff's recovery of damages, if any, is limited by federal and applicable state law.

113. Plaintiff's recovery against the Defendant, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiff has not timely or properly presented administrative tort claims, or seek different relief from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiff has not exhausted his administrative remedies.

114. To the extent there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply, and liability must be apportioned or any judgment reduced as set forth under applicable state law.

115. Any recovery or other award against the Defendant must be reduced to the extent Plaintiff failed to mitigate damages.

116. Plaintiff's damages, if any, must be reduced by any collateral source as permitted by law.

117. Pursuant to 28 U.S.C. § 2675(b), Plaintiff's damages, if any, are limited to the amount of the sum certain demanded in the administrative claim.

15

118.    Plaintiff's claims are barred to the extent they are based on misrepresentations.  28 U.S.C. § 2680(h).

119.    Plaintiff's claims are barred to the extent they are based on privileged conduct.

120.    Probable cause existed to support the issuance of the search warrants, plaintiff's indictment, arrest, detention and prosecution.

121.    Plaintiff's indictment by a grand jury establishes that probable cause existed to support plaintiff's arrest, detention and prosecution.

122. There was an absence of malice on the part of the FBI agents who were investigating criminal violations by plaintiff.

123. The government retains sovereign immunity for any of the conduct alleged on the part of any government employees or agents who are not "law enforcement officers," as defined in the Federal Tort Claims Act, 28 U.S.C. § 2680(h).

124.    The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery.  The United States specifically preserves these and other affirmative defenses as may be ascertained through discovery.

//
//
//
//
//
//
//
//
//
//
//

16

WHEREFORE, the United States of America prays judgment against Plaintiff as follows:

1.   That Plaintiff take nothing by way of the First Amended Complaint;

2.   That Plaintiff's First Amended Complaint be dismissed with prejudice and judgement entered in favor of the United States; and

3.   For such other and further relief as the court deems just and proper.


Dated: 2/25/2026                    Respectfully submitted,

                                    TODD BLANCHE
                                    Deputy Attorney General
                                    BILAL A. ESSAYLI
                                    First Assistant United States Attorney
                                    DAVID M. HARRIS
                                    Assistant United States Attorney
                                    Chief, Civil Division
                                    DANIEL A. BECK
                                    Assistant United States Attorney
                                    Chief, Complex and Defensive Litigation Section


                                       /s/ *Christina Marquez*
                                    CHRISTINA MARQUEZ
                                    Assistant United States Attorney

                                    Attorneys for United States of America

17